No. 9446.

## THE STATE EX REL. BOARD OF HEALTH vs. CITY OF NEW ORLEANS ET ALS.

The charter of New Orleans empowers her Council to fix the compensation of every officer of her own or of the State whose salaries are to be paid by herself, and to prescribe the number of such officers.

The exercise by the Board of Health of the power to appoint sanitary inspectors and police-men at salaries larger than the appropriation made by the City Council will warrant, and to require the City to pay them, is inconsistent with and in derogation of the City's right to fix the compensation of all officers that are to be paid by her.

Discretion is lodged in the Council as to the amount of the appropriation to be annually made for the Board of Health and the Board has no control over it. It can expend that and no more.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*M. J. Cunningham*, Attorney General, and *F. C. Zacharie* for the Relators, Appellants.

*W. H. Rogers*, City Attorney, and *Branch K. Miller*, Assistant City Attorney, for Respondents, Appellees.

The opinion of the Court was delivered by

MANNING, J. This is an application by the Board of Health of the State for a mandamus against the City and its officers to carry on its police roll six sanitary policemen employed by the relator and to pay their salaries out of the general appropriation for police in the City budget.

The budget for 1884 contains an appropriation of six thousand dollars for the Board of Health. An Act of 1870 authorizes the Board to appoint sanitary inspectors and the salaries of these inspectors have consumed this appropriation. The same Act confers upon the Board the control of the sanitary police, Acts 1870 ex. sess. p. 55, and it is to compel the City to pay the salaries of these latter in addition to those of the inspectors that this mandamus is invoked.

The City charter empowers her council to fix the compensation of every officer of her own or of the State whose salaries are to be paid by herself and to prescribe the number of them. Acts 1882, p. 31. When she appropriated six thousand dollars to the Board of Health for all purposes it was tantamount to fixing the salaries of these ser-

State ex rel. Board of Health vs. New Orleans.

vants of the Board at that sum, leaving to the Board to apportion it among them. It might well have been supposed that the Board was the best judge of the nature and extent of the duties of these servants and could best apportion to each or to each class the compensation that each ought to receive, the Council contenting itself with fixing the sum in bulk and leaving its distribution to the Board.

The exercise by the Board of the power to appoint sanitary inspectors and policemen at the minimum salaries, and to require the City to pay them regardless of a fixed appropriation made by herself and outside of it, is inconsistent with her right to fix the compensation of all officers who are to be paid by her and is in palpable derogation of that right.

The relators rely on the Act of 1877 but that Act, in empowering the Board to protect the health of the City, restricted its authority to incur expense to the assent and concurrence of the Council, and made it the duty of the Board to report to the Council annually an estimate of the probable sum required to meet its expenses, and then obliged the Council after considering that report to make such appropriation as by it may be deemed necessary. Acts 1877, p. 118. Discretion was lodged in the Council as to the sum and the Board had no control over it. It could not be otherwise, for in no other way could the Council protect its revenues.

The lower court refused to make the mandamus peremptory and dismissed the relator with costs.

Judgment affirmed.

Rehearing refused.

---

### DISSENTING OPINION.

FENNER, J. Without entering into questions as to the power of the City Council to limit and fix the appropriation for expenses of the Board of Health, including the compensation of sanitary inspectors and expense of sanitary police, I am clearly of opinion that the appropriation on the budget for 1884 was actually made for expenses other than that of the police, and, having been so made, the council had no power, by subsequent resolution, to divert the amount so budgeted to the payment of the sanitary police, which the law required the city to furnish and which had always been detailed from the police force and paid from the police appropriation.

For these reasons I dissent from the decree herein.